In re **WATKINS MANAGEMENT GROUP, INC., Debtor.**

**Bankruptcy No. 89–01967.**

United States Bankruptcy Court,
S.D. Alabama.

Oct. 19, 1990.

Barry A. Friedman, Mobile, Ala., for Watkins Management Group, Inc.

William Z. Rothchild, Atlanta, Ga., for Columbia Joint Venture.

## MEMORANDUM OPINION

ARTHUR B. BRISKMAN, Bankruptcy Judge.

At Mobile in said District on the 11th day of September, 1990, before Arthur B.

Briskman, Bankruptcy Judge: This matter came on for hearing on the Debtor's objection to Claim No. 53 of Colombia Joint Venture. After due deliberation on all testimony, pleadings, stipulation of facts, arguments and briefs subsequently filed, this Court concludes and orders as follows:

## FINDINGS OF FACT

The facts are not in dispute in this case. Columbia Joint Venture (hereinafter "CJV") owns Columbia Mall in Columbia, South Carolina and leased space to the Debtor in possession, Watkins Management Group, Inc. d/b/a The Shoe String (hereinafter "Watkins"). The Debtor filed a Chapter 11 petition on September 29, 1989. The parties stipulated to the combined pre-surrender rental charges of $5,659.42. The present objection relates to CJV's claim for post-surrender damages. Watkins pays a monthly lease payment of $2829.71, totalling $33,956.52 for one year. One hundred and thirteen months remain on the lease. CJV claims $47,963.58 as post-surrender damages.

## CONCLUSIONS OF LAW

The issue for the Court is the interpretation of the language of § 502(b)(6)(A), which puts a cap on the amount of damages a lessor can claim, limiting the claim to "the rent reserved by such lease, without acceleration, for the greater of one year, or 15 percent, not to exceed three years, of the remaining term of such lease...." CJV argues that the claim should be calculated by taking 15 percent of the remaining lease term, and comparing this 15 figure to three years reserved rent. The lesser sum should be used. Watkins argues that the calculation should be 15 percent of the lesser of 1) the actual remaining term of the lease or 2) three years' reserved rent.

While the language of § 502(b)(6)(A) is not clear, the legislative history is helpful in establishing its meaning. Congress amended the Bankruptcy Act of 1898 to include a provision for lessor's claims for unpaid future rents in 1933 [1], and in 1934, limited those claims to one year's rent, without acceleration for liquidation cases [2], and to three years' rent, without acceleration, for reorganization cases. [3]

When enacting the Bankruptcy Code of 1978, Congress combined the one-year and three-year standards and added a percentage of the remaining reserved rent, explaining:

> the sliding scale formula is new, designed to protect the long-term lessor, and is included as a replacement of the dual provisions in current law of a three-year test for reorganization cases and a one-year test for liquidation cases.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 353 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6309. This reference to a "sliding scale" indicates that the lessor's claim must fall between the one-year provision and an upper three-year limit.

This Court's interpretation of § 502(b)(6)(A) is supported by the bankruptcy court's calculations of a lessor's unpaid future rent in *In re McLean Enterprises, Inc.*, 105 B.R. 928 (Bankr.W.D.Mo., 1989). The court compared the amount of one year's rent to 15 percent of the remaining rent due under the lease, stating, "[t]he amount calculated under the second prong of the test [the 15 percent figure] cannot exceed the rent due within three years following the petition." *Id.* at 936. *See also In re Communicall Cent., Inc.*, 106 B.R. 540, 544 (Bankr.N.D.Ill., 1989). This interpretation differs from CJV's analysis because the three years' rent provision is a cap or limit on the 15 percent figure, not an alternative to the 15 percent figure.

Based on the foregoing, this Court interprets § 502(b)(6)(A) as follows: the lessor's claim must equal the greater of 1) one year's rent reserved under the lease or 2) 15 percent of the remaining term of the lease, which cannot exceed three years' rent under the lease.

---

1. Act of March 3, 1933, ch. 204, 47 Stat. 1467. For a complete history of § 502(b)(6), see 3 *Collier on Bankruptcy,* para. 502.02(7) at 502–54 to 502–64 (15th ed. 1979).

2. Act of June 7, 1934, ch. 424, § 4(a), 48 Stat. 924.

3. Act of June 7, 1934, ch. 424, § 77B(b), 48 Stat. 911, 915.

CJV has correctly calculated its claim for damages for $47,963.58. Under the Watkins' lease, one year's rent amounts to $33,956.52. The remaining lease term is for 113 months at $2829.71, or $319,757.23. Fifteen percent of this figure is $47,963.58. The 15 percent figure does not exceed three years' rent under the lease ($101,869.56). CJV is entitled to claim the greater of one's year rent ($33,956.52) or 15 percent of the remaining lease term ($47,963.58). According to this Court's calculations, CJV's claim for damages is correct.

Based upon this Court's interpretation of § 502(b)(6)(A), CJV correctly calculated its claim for damages for loss of future lease payments. The Debtor's objection to CJV's claim is therefore due to be overruled.